# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———

No. 15-30987

———

PLANNED PARENTHOOD OF GULF COAST, INCORPORATED; JANE DOE #1; JANE DOE #2; JANE DOE #3,

Plaintiffs - Appellees

v.

REBEKAH GEE, Secretary, Louisiana Department of Health and Hospitals,

Defendant - Appellant

———

Appeal from the United States District Court
for the Middle District of Louisiana
(862 F.3d 445, June 29, 2017)

———

ON PETITION FOR REHEARING EN BANC

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:

Treating the Petition for Rehearing En Banc as a Petition for Panel Rehearing, the Petition for Panel Rehearing is DENIED. The court having been polled at the request of one of the members of the court and a majority of the judges who are in regular active service and not disqualified not having voted in favor (FED. R. APP. P. and 5TH CIR. R. 35), the Petition for Rehearing En Banc is DENIED.

In the poll, 7 judges vote in favor of rehearing en banc, and 7 vote against. Voting in favor are Judges Jolly, Jones, Smith, Clement, Owen, Elrod, and Southwick. Voting against are Chief Judge Stewart, and Judges Dennis, Prado, Haynes, Graves, Higginson, and Costa.

ENTERED FOR THE COURT:

   /s/ Jacques L. Wiener, Jr.
United States Circuit Judge

JENNIFER WALKER ELROD, Circuit Judge, joined by JOLLY, JONES, SMITH, CLEMENT, OWEN, and SOUTHWICK, Circuit Judges, dissenting from the denial of rehearing *en banc*:

Today, an equally-divided court denies *en banc* rehearing of a divided panel opinion and deepens the division in the courts of appeals on an issue of great importance: whether a recipient of care can block a state's disqualification of a single health care provider for the purposes of Medicaid. The discord is the result of our disregard for the Supreme Court's binding precedent in *O'Bannon v. Town Court Nursing Center*, 447 U.S. 773 (1980). Louisiana, along with fifteen *amici* states, urged us to reconsider our decision because of the significant detrimental impact it would have on the states' abilities to administer their own Medicaid plans. Our decision in equipoise to deny *en banc* rehearing is more than dismaying; it is a departure from our duty. In the ever-expanding Medicaid world in which we live, it is important that we get this decision right.

The panel majority opinion disregards both *O'Bannon*'s discussion of whether 42 U.S.C. § 1396a(a)(23) confers a substantive property right and its ultimate decision that there is no process due where there is no property right to secure. *O'Bannon* addresses the question of "whether the patients have an interest in receiving benefits for care in a particular facility that entitles them, as a matter of constitutional law, to a hearing before the Government can decertify that facility." *Id.* at 784. Decidedly, the answer is no, with the Court "hold[ing] that the enforcement by HEW and DPW of their valid regulations did not directly affect the patients' legal rights or deprive them of any constitutionally protected interest in life, liberty, or property." *Id.* at 790. Section 1396a(a)(23) does not create a substantive right because, as the Court explains, "while a patient has a right to continued benefits to pay for care in the qualified institution of his choice, he has no enforceable expectation of

3

continued benefits to pay for care in an institution that has been determined to be unqualified." *Id.* at 786.

In its attempt to distinguish *O'Bannon*, the panel majority opinion determines that *O'Bannon* is inapplicable because the *O'Bannon* plaintiffs only asserted a violation of a due process right whereas the plaintiffs here "assert the violation of a substantive right.*" Planned Parenthood of Gulf Coast, Inc. v. Gee*, 862 F.3d 445, 460 (5th Cir. 2017). This is directly at odds with the Supreme Court's holding in *O'Bannon* that § 1396a(a)(23) does not confer on an individual patient a constitutionally protected substantive property interest in receiving care from a disqualified Medicaid provider. 447 U.S. at 784–85. As Judge Owen's careful dissenting opinion explains, this attempt to distinguish *O'Bannon* "reflect[s] a failure to appreciate that there is no right to due process unless there is a substantive right that may be vindicated if adequate process is afforded." *Id.* at 475 (Owen, J. dissenting); *accord Doe v. Gillespie*, 867 F.3d 1034, 1046–49 (8th Cir. 2017) (Shepard, J. concurring) (explaining that a patient cannot collaterally attack a provider's decertification because *O'Bannon* holds there is no substantive right to receive care from a decertified provider). The dissenting opinion is simply textbook reasoning. *See* Erwin Chemerinsky, Constitutional Law: Principles and Policies, 588 (Erwin Chemerinsky et al. eds., 5th ed. 2015) (". . . in *O'Bannon v. Town Court Nursing Center*, the Supreme Court held that residents in a nursing home had no property interest and thus no right to due process before a government agency revoked their home's certification to receive payments from the government.").

Similarly dismaying is the panel majority opinion's attempt to distinguish *O'Bannon* because the plaintiffs here are not challenging a decertification decision. There is, in fact, a decertification decision in this case, but the panel majority opinion just determined on the merits that none of the

reasons for decertification were valid. *See Planned Parenthood*, 862 F.3d at 478 (Owen, J. dissenting) (noting the majority opinion's circular reasoning, which concludes "that since the Individual Plaintiffs will likely prevail on their contention that [Planned Parenthood] is a qualified provider, the Individual Plaintiffs have the right to sue to obtain Medicaid services from that qualified provider"). The panel majority opinion's determination that *O'Bannon* only bars an individual plaintiff from challenging a disqualification decision related to health and safety regulation enforcement that affects the provider's ability to provide care to the general public does not fare any better. This limitation finds no support in *O'Bannon*'s text or record. As the dissenting opinion precisely states: "Whether the nursing home facility in *O'Bannon* was required to cease operations had no bearing on the Supreme Court's holding that 42 U.S.C. § 1396a(a)(23) is not a font of substantive rights flowing to Medicaid patients that permits them to sue to set aside the termination of a provider's Medicaid or Medicare agreements on the basis that the provider failed to comply with certain statutory or regulatory requirements." *Id.* at 482–83 (Owen, J. dissenting). The panel majority opinion here makes the very same error that the Court saw fit to correct in *O'Bannon*: "In holding that [§ 1396a(a)(23)] create[s] a substantive right" it "fails to give proper weight to the contours of the right conferred by the statutes and regulations." *See* 447 U.S. at 786.

Importantly, the panel majority opinion's reasoning is not only at odds with *O'Bannon* but also with the entirety of the statutory framework in 42 U.S.C. § 1396a. Under the exclusionary provision in § 1396a(p)(1), a Medicaid provider can be disqualified for reasons unrelated to health and safety that would require the provider to cease dispensing care to the general public. *See* 42 U.S.C. § 1396a(p)(1). Among the grounds for exclusion from Medicaid

participation are medically unnecessary charges and false claims for services that were not provided. *Id.* § 1396a(p)(1) (referencing 42 U.S.C. § 1320a-7 and § 1320a-7a). Nowhere does the statute require that the disqualification of a Medicaid provider can occur only if the provider is deemed unfit to provide care for the general public, as the panel majority opinion holds. Moreover, to the extent § 1396a(a)(23) can be interpreted to secure any private right of action, such a right is surely limited to "qualified" providers and does not include providers who voluntarily choose not to contest their disqualification.[1] Thus, even if *O'Bannon* did not control, and § 1396a(a)(23) were a blank statutory slate, the panel majority opinion's interpretation would still be incorrect because it reads extratextual requirements into the statute and relies on an overbroad interpretation of the term "qualified."

This disjointed reasoning of the panel majority opinion brings us to the procedural elephant in the case: Planned Parenthood Gulf Coast chose to forego its administrative remedies prior to filing this lawsuit. Compounding this procedural irregularity, the preliminary injunction below was issued on the claims of the individual Doe plaintiffs, not on Planned Parenthood's claims. As a result of the majority opinion's holding, a Medicaid provider can now make an end run around the administrative exhaustion requirements in a state's statutory scheme.[2] Disqualified providers can now circumvent state law

---

[1] Whether § 1396a(a)(23) even confers any private right of action under the framework in *Gonzaga University v. Doe*, 536 U.S. 273 (2002), makes the panel majority opinion further problematic. *See Doe v. Gillespie*, 867 F.3d 1034, 1046 (8th Cir. 2017) (holding that Congress did not unambiguously confer a right in § 1396a(a)(23) that could be enforced by an individual patient under 42 U.S.C. § 1983). Fifteen *amici* states filed a brief urging the *en banc* court to consider the issue of whether there was any private right of action in the statute. As Justice Scalia, writing for the Court, deftly put it, "Congress . . . does not . . . hide elephants in mouseholes." *Whitman v. Am. Trucking. Ass'n*, 531 U.S. 457, 468 (2001).

[2] Here, under Louisiana law, a party seeking to appeal a termination decision by the Louisiana Department of Health and Hospitals has fifteen days from receipt of notice to

because the panel majority opinion deems it unnecessary to have a final administrative determination so long as there are patients to join a lawsuit filed in federal court.

The fact that this case is still at the preliminary injunction stage does not excuse our decision to deny *en banc* rehearing. The panel majority opinion is binding precedent that will guide the development of the law in our circuit. Moreover, at least two other cases are already pending within the circuit and will be immediately impacted by the majority's holding in this case—a holding that cannot be squared with Supreme Court precedent or the statutory text. The ability to correct our deviation from the Supreme Court's precedent in time to prevent further damage remains a distant hope. Accordingly, I respectfully dissent from our denial of rehearing *en banc*.

---

request an informal hearing. La. Admin. Code § 50:4203. Following notice of the result of the informal hearing, the provider has thirty days to seek an appeal before the Division of Administrative Law. La. Admin. Code § 50:4211(B).